BK-132
NGUYEN H. NGUYEN, Bar No. 213366
Law Offices of Nguyen H. Nguyen
15361 Brookhurst Street, Suite 205
Westminster, CA 92683
Telephone: (714) 775-4529
Fax: (714) 775-4527
E-Mail: nhn97@aol.com

Attorney for Debtor, TU KIM NGUYEN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TU KIM NGUYEN,<br><br>Debtor. | Chapter 13<br>Case No. 8:10-bk-23006-RK<br><br>**DEBTOR'S OBJECTION TO CLAIMS OF ONEWEST BANK, FSB.**<br>**Claim Number ONE**<br><br>Judge: ROBERT N. KWAN<br>Date: January 13, 2011<br>Time: 3:00 p.m.<br>Courtroom: 5D |

COMES NOW, Debtor TU KIM NGUYEN, files this Objection to Creditor ONEWEST BANK, FSB's Proof Of Claim as filed by the alleged Creditor on November 18, 2010, and states the following:

A security interest in the property of the Debtor is claimed, however, the proof of claim is not accompanied by evidence that the Creditor has authority to

1
2   bring the claim, or has standing, or that the security interest has been
3   perfected as required under F.R.B.P. Rule 3001(d) and is facially defective and
4   does not constitute prima facie validity of the claim.

The proof of claim does not set forth the Creditor's claim with proper
5   specificity pursuant to F.R.B.P. Rule 3001(a) & (c).
6
7   WHEREFORE, the Debtor objects to Claim Number One as filed by the
alleged Creditor OneWest Bank, FSB. and respectfully requests this Court enter
8   an order to disallow this claim in its entirety.
9
10   Dated: ,_____22, 2k10_____          Respectfully Submitted
11
12   _____
NGUYEN H. NGUYEN, Attorney for
13   Debtor, TU KIM NGUYEN

# MEMORANDUM IN SUPPORT OF OBJECTION TO
# PROOF OF CLAIM OF ONEWEST BANK, FSB

Debtor TU KIM NGUYEN, by and through her undersigned counsel, submits this Memorandum in Support of her Objection to Proof of Claim of OneWest Bank, FSB (hereinafter"OneWest") filed on November 18, 2010.

## SUMMARY

Debtor executed a promissory note payable to Clarion Mortgage Capital, Inc. The security interest is in the form of a Deed of Trust and it named Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") as the beneficiary of the Deed of Trust. Nothing in the record shows the current owner of the promissory note or its chain of title.

A number of documents were filed in the Orange County Recorder's Office relating to the Deed of Trust. No documents were filed relating to the promissory note, which Debtor has not seen since it was executed. The promissory note as attached by OneWest contained an endorsement by Clarion Mortgage Capital ("Clarion")pay to the order of Indymac Bank, FSB on January 12, 2006. Subsequence endorsement was made by Indymac Bank in blank [OneWest's Exhibit Claim 1 Part 2, Page 28 of 31]. Of the various documents filed in the recorder's office, including the Deed of Trust, one document states that MERS is the beneficiary of the Deed of Trust [Claim 1 Part 2, Page 1 of 31]. There is no recorded "Assignment of Deed of Trust".

Included in OneWest's exhibit is a bill of sale dated March 19, 2009 in which Federal Deposit Insurance Corporation as receiver for Indymac Federal Bank, FSB transferred the servicing rights to OneWest [Claim 1 Part 2, Page 29 of 31]. It is worthy to note that Indymac Bank had endorsed the promissory note in blank to someone else.

In an attempt to support its claim to an interest in the Note, OneWest

attaches to its Proof of Claim a Substitution of Trustee recorded with Orange County Recorder as instrument number 2009000386782. Such substitution was executed by OneWest Bank, as "LASALLE BANK, N.A. AS TRUSTEE by OneWest Bank, FSB as Attorney in Fact". The status of LaSalle Bank N.A. as trustee is meaningless because one cannot decipher as to what LaSalle Bank, N.A. as trustee of.

Assuming Arguendo that MERS as beneficiary under the Deed of Trust purportedly transferred to LaSalle Bank its interest in said Note; MERS could not possibly do so because MERS has no interest in the Note to transfer as described herein.

MERS has no beneficial ownership in the Deed of Trust as it is nothing more than security for the promissory note. As such, MERS could not transfer any interest in the Deed of Trust to another. The only interest that exists in this mortgage loan is the beneficial interest in the promissory note and the record is deficient in demonstrating who that person is or who that person's agent is, if any. OneWest has not demonstrated its legal standing.

## ONEWEST BANK DOES NOT HAVE LEGAL STANDING TO BRING THIS PROOF CLAIM AS CREDITOR

The promissory note was made payable to Clarion. No recorded document suggests that it has been endorsed to OneWest Bank or any other named entity. The Deed of Trust states that Clarion is the Lender and MERS is the beneficiary of it. No recorded document suggests that Clarion transferred its beneficial interest to OneWest. Transfer of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor.). In either event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalided as a fraudulent conveyance (under California Civil Code, §3440), and a transfer in pledge could be invalidated as an unperfected (under California U. Comm.

Code, §§9313-9314). (California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26). One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose *ab initio*. (Watkins v. Bryant (1891), 91 C 492, 27 P 77).

The Note is not a bearer instrument, but is an instrument payable to a specifically identified person. California U. Comm. Code, §3109 states:

*(a)    A promise or order is payable to bearer if it is any of the following:*

*(1)    States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.*

*(2)    Does not state a payee.*

*(3)    States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.*

*(b)    A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.*

*(c)    An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to subdivision (a) of Section 3205. An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subdivision (b) of Section 3205.*

A promissory note that is payable to a specifically indentified person is not transferred merely by possession; instead, transfer requires that it be endorsed. California U. Comm. Code, §3201 states:

*(a)    "Negotiation" means a transfer of possession, whether*

*voluntay or involuntay, of an instrument by a person other than the issuer to a person who thereby becomes its holder.*

*(b)    Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to a bearer, it may be negotiated by transfer of possession alone.*

An endorsement is not made by purchasing a note, or by purchasing a debt, or by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the note is owed. <u>California U. Comm. Code</u>, §3204 states:

*(a)    "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.*

*(b)    "Endorser" means a person who makes an endorsement.*

*(c)    For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.*

*(d)   If an instrument is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.*

If one bought a note and intends to enforce it, but the note does not carry the endorsement of the payee, that person can bring action in court to specifically enforce the right to an endorsement. Then, once that is done, the creditor can enforce the note against its maker.

<u>California U. Comm. Code</u>, §3203 states:

*(a)   An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.*

*(b)   Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.*

*(c)   Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.*

*(d)   If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The*

*transferee obtains no rights under this division and has only the rights of a partial assignee.*

In similar context with Stay-relief requests, which are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R. Bankr. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes Fed. R. Bankr. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";) The standing doctrine "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. (Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations and internal quotations omitted)). Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. (Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest". (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir.2004), as found in Fed.R.Civ.P. 17, which provides "[a]n action must be prosecuted in the name of real party in interest.")

In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr.Nev. 3/13/2009)(at page 10) the Court found that "MERS does not have standing merely because it is the alleged beneficiary under the deed of trust. It is not a beneficiary and, in any event, the mere fact that an entity is a named beneficiary of a deed of trust

is insufficient to enforce the obligation." In <u>In re Maisel</u>, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay because it did not have an interest in the property at the time it filed its motion for relief. 378 B.R. 19, 22 (2007).

"Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee', having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2](2000); <u>In re Mitchell</u>, Case No. BK-S-07-16226-LBR (Bankr.Nev. 3/313/2009)(at page 12). MERS website admits at pages 10, 20, 22, 26, 34, 38, 40, 42, 44, 46, 62, 68, 72, 76, 78, 88, 89, 99: MERS stands in the same shoes as the servicer to the extent that it is not the beneficial owner of the promissory note. An investor, typically a secondary market investor, will be the ultimate owner of the note. (fn)

<u>Foot Note</u>:

Even though the servicer has physical custody of the note, custom in the mortgage industry is that the investor (Fannie Mae, Freddie Mac, Ginnie Mae or a private investor) owns the beneficial rights to the promissory note.

In the consolidated cases of <u>In re Foreclosure Cases</u>, 521 F.Supp.2d 650, 653 (S.D. Oh. 2007), a standing challenge was made and the Court found that there was no evidence of record that New Century ever assigned to MERS the promissory note or otherwise gave MERS the authority to assign the note. Beginning with this case, courts around the county started to recognize that MERS had no ownership in the notes and could not transfer an interest in a mortgage upon which foreclosure could be based.

<u>In re Walker</u>, Case No. 10-21656-LBR (Bankr.E.D. Cal. 7/8/2010) Citibank filed its proof of claim as servicer. The Court found that "Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to the transferee. <u>Bear v. Golden Plan of</u>

California, Inc., 829 F.2d 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the note could be invalidated as a fraudulent conveyance, Cal. Civ. Code, 53440, or as unperfected, Cal. U. Comm. Code, §§ 9913-9214. Further, several courts have acknowledged that MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose upon the property secured by the deed."

In re Fawn Ridge Partners, LP, BAP No. CC-09-1396 (Bankr.C.D. Cal. 3/29/2010), the Court denied motion for relief from stay brought by BAC Home Loans Servicing, LP as servicer based on standing. The Court states that "The issue of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Constitutional standing concerns whether the plaintiffs personal stake in the lawsuit is sufficient to have a "case or controversy" to which the federal judicial power may extend under the Constitution's Article III. Id. at 498-99; Pershing Park Villas, 219 F.3d at 899; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)." ... "Mere possession of the Note does not make BAC a "holder" of the Note. Under California law, to qualify as a holder, one must be in possession of the instrument, and the instrument must be properly endorsed. Cal. U. Comm. Code, 51201(21); In re Hwang, 396 B.R. at 762. Although the payee of an instrument may negotiate it, the payee must indorse it as well as deliver it to another person, who then can become its holder. Cal. U. Comm. Code, 53201, 1201(21)(A). There is no evidence in the record that Countrywide indorsed the Note and transferred it to BAC (or to Bank of America). Thus, mere possession of the Note and Deed of Trust does not provide BAC with standing."

OneWest's lack of ownership of the mortgage and promissory note in this case, which goes to the very heart of any claim of standing, permeates the entire proceeding and subverts the integrity of the case. OneWest makes no

assertions as to its own interest in the outcome of the instant claim it is making, nor does it make any mention of any perceived injury to itself. Instead, OneWest seeks to enforce a third party rights and thus OneWest cannot bring this claim without properly identifying direct injury or threat of injury to itself or by joining a real party in interest.

A party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." Coyne v. American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).

If OneWest is actually an agent of a secured creditor, it must provide proof of agency and join the real party in interest. It is not uncommon in the bankruptcy context for a servicing agent such as OneWest to state that it is the authorized agent of the note holder. A "party in interest" in the bankruptcy court is a broad concept; however, the servicing agent does not have standing as a *real party in interest.*

Therefore, OneWest is not a real party in interest in this bankruptcy, is not the beneficiary of the note and has no standing to file a proof of claim in this case. Hence, its proof of claim must be disallowed/expunged.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that Debtor's objection be sustained and that Debtor's counsel be awarded feeds and disbursement in this action.

Dated: Nov. 22, 2010

Respectfully Submitted

_____
NGUYEN H. NGUYEN, Attorney for
Debtor, TU KIM NGUYEN

In re:  TU KIM NGUYEN,
       Debtor.

Case No.:  8:10-bk-23006-RK
Chapter: 13

# PROOF OF SERVICE OF DOCUMENT

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 15361 Brookhurst Street, **Suite** 205, Westminster, **CA** 92683.

A true and correct copy of the foregoing document described as **DEBTOR'S OBJECTION TO CLAIMS OF ONEWEST BANK, FSB − Claim Number ONE,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 23, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. TRUSTEE:  ustpregionl6.sa.ecf@usdoj.gov
AMRANE COHEN, Chapter 13 Trustee:  efile@ch13ac.com
ONEWEST BANK, FSB. − c/o MALCOLM*CISNEROS − Attn.:  STACY KIM, ESQ.:  stacy@mclaw.org

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On November 23, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

November 23, 2010
Date

NGUYEN H. NGUYEN

Signature

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                         F 9013-3.1.PROOF.SERVICE

In re: TU KIM NGUYEN,
Debtor.

Case No.: 8:10-bk-23006-RK
Chapter: 13

ADDITIONAL SERVICE INFORMATION (if needed)

HONORABLE ROBERT N. KWAN, BANKRUPCY JUDGE
411 West Fourth Street
Court Room 5D / Bin Outside of Room 5097
Santa Ana, CA 92701

OneWest Bank, FSB.
c/o Malcolm • Cisneros, A Law Corporation
Attn.: Stacy Kim, Esq.
2112 Business Center Drive
Irvine, CA 92612

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                         F 9013-3.1.PROOF.SERVICE