BK-132
NGUYEN H. NGUYEN, Bar No. 213366
Law Offices of Nguyen H. Nguyen
15361 Brookhurst Street, Suite 205
Westminster, CA 92683
Telephone: (714) 775-4529
Fax: (714) 775-4527
E-Mail: nhn97@aol.com

Attorney for Debtor, TU KIM NGUYEN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TU KIM NGUYEN,<br><br>Debtor. | Chapter 13<br>Case No. 8:10-bk-23006-RK<br><br>**DEBTOR'S SUPPLEMENTAL OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB. Claim Number ONE**<br><br>Judge: ROBERT N. KWAN<br>Date:    January 13, 2011<br>Time:    3:00 p.m.<br>Courtroom: 5D |

COMES NOW, Debtor TU KIM NGUYEN, files this Supplemental Objection to Creditor ONEWEST BANK, FSB's Proof of Claim as filed by the alleged Creditor on November 18, 2010, and states the following:

A security interest in the property of the debtor is claimed, however, the Proof of Claim is not accompanied by evidence that the alleged creditor has standing to bring the claim, and that the security interest has been perfected as required under F.R.B.P. Rule 3001(d); thus, the Proof of Claim is facially defective and does not constitute prima facie validity of the claim.

# SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO PROOF OF CLAIM OF ONEWEST BANK, FSB.

Followings are supporting documents attached to the Proof of Claim (hereinafter "POC") filed by OneWest Bank, FSB. (hereinafter "OneWest"):

1. **Bill of Sale (POC Exhibit Page 29 to 31)** by Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac Federal Bank, FSB ("IndyMac Bank") executed on March 19, 2009. This Bill of Sale transferred assets owned by IndyMac Bank to OneWest including Servicing Rights.

2. **Deed of Trust (POC Exhibit Page 1 to 21)**, dated January 12, 2006 and recorded with Orange County Recorder on January 20, 2006 as instrument number 2006000046112. This Deed of Trust ("DOT") indicated that the Lender was Clarion Mortgage Capital, Inc. ("Clarion") and Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as a nominee for Lender and is a beneficiary under this security instrument. The trustee was Chicago Title Company. Authenticity of this document is questionable because of added statement "Description: Orange, CA Document-Year.DocID 2006.46112. Order 100116626" Comment:". This begs for questions such as whether the attached Deed of Trust a duplicate of the original as required under F.R.B.P., Rule 3001(c).

3. **Substitution of Trustee (POC Exhibit Page 22 to 23)** recorded with Orange County Recorder on July 20, 2009 as instrument number 2009000386782. This Substitution of Trustee was made by OneWest as Attorney-in-Fact for LaSalle Bank, N.A. ("LaSalle Bank"), as Trustee. LaSalle Bank's status is unknown but presumably that it was a trustee of a securitization trust. However, no evidence provided by OneWest as to what securitization trust LaSalle Bank was the trustee of. This Substitution of Trustee purportedly substituted Chicago Title Company as the original Trustee

with NDEx West, LLC., ("NDEx") as Trustee.

4. **Adjustable Rate Note (POC Exhibit Page 24 to 28)** with redacted **MIN number** and loan number is attached purportedly executed on January 12, 2006. The original lender was Clarion. On that same day, January 12, 2006, this Note was endorsed to IndyMac Bank F.S.B. by Clarion. This note was again endorsed, on an unspecified date by Nellie Bozick, Vice President of IndyMac Bank F.S.B., in blank to unknown party. Authenticity of this document is questionable because of a closed examination would raise doubt that the blank endorsement has been altered as it seems like the name of Endorsee has been wiped off.

MIN number is used to purportedly track ownership of Debtor's mortgage loan. Using MIN number 1001558-0000029195-9 , as found on the subject Deed of Trust, obtained from Orange County Recorder (not on the same Deed of Trust attached to OneWest's POC), on MERS website (https://www.mers-servicerid.org/sis/), the MERS' ServicerID indicates that the MIN status is "Active" with OneWest Bank, FSB, as **"Servicer"** and Deutsche Bank National Trust Company as Trustee ("DBNTC"), as **"Investor"**. See Debtor's Request for Judicial Notice, Exhibit "A".

OneWest's false assertion as a creditor is further supported by an Assignment of Deed of Trust recorded with Orange County Recorder as instrument number 2010000186983 on April 21, 2010, which purportedly assigned the security instrument along with interest in the promissory note held by LaSalle Bank, NA as Trustee to Deutsche Bank National Trust Company as Trustee. See Debtor's Request for Judicial Notice, Exhibit "B". OneWest's false representation to this Court is blatantly clear on its face because the assignment of the Deed of Trust was executed by OneWest Bank as attorney in fact for LaSalle Bank, NA.

The POC was executed by William G. Malcolm, attorney for OneWest Bank,

FSB on November 18, 2010. Mr. Malcom is with the law firm known as Malcolm Cisneros located in Irvine, California. At the Hearing on Confirmation of Debtor's Chapter 13 Plan, Mr. Gerald Kim, with the law firm of Barrett Daffin Frappier Treder & Weiss located in Diamond Bar, California, allegedly represents OneWest, represented to the Court that OneWest is the owner of this mortgage loan and <u>in possession</u> of the original promissory note. Mr. Kim never mentioned to the Court that OneWest (formerly IndyMac) had sold the note to someone else. In this case, the note is held by DBNTC according to information from MERS.

## ONEWEST'S CONDUCT IN FILING FALSE PROOF OF CLAIM VIOLATES 11 U.S.C., §501 AND §502 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE, RULE 3001.

Sections 501 and 502 of 11 U.S.C. and Rule 3001 of F.R.B.P. provide for the manner in which proofs of claim must be filed and when claims must be allowed or disallowed.

11 U.S.C., §501(a) states that *"A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest."*

F.R.B.P., Rule 3001 states as follows:

*(b) Who may execute. A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.*

*(c) Claim based on writing. When a claim, or an interest in property of the debtor securing the claim, is based on writing, the original or a duplicate shall be filed with the proof of claim.*

*(d) Evidence of perfection of security interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.*

The POC as filed by OneWest stated that OneWest Bank, FSB is a creditor rather than an authorized agent for any one. Copy of the alleged Promissory Note clearly indicated that OneWest (formerly IndyMac Bank) had endorsed the note to someone else, presumably a securitization trust and it no longer held any interest in the promissory note to execute the POC under F.R.B.P., Rule 3001(b).

OneWest asserts its interest in property of the debtor securing the claim. A copy of the original promissory note is attached to its POC. OneWest, through its attorney Gerald Kim, represented to the Court that it currently hold the original copy of the promissory note and therefore is entitled to file the proof of claim. However, there is no evidence that an assignment of deed of trust indicated that the security interest has been assigned to OneWest; and that there is no evidence of perfection of security interest under F.R.B.P., Rule 3001(d) submitted by OneWest to support its POC.

Therefore, the POC submitted by OneWest as alleged creditor must be disallowed/expunged because OneWest is a not a creditor pursuant 11 U.S.C., §501 and under F.R.B.P., Rule 3001.

ONEWEST DOES NOT HAVE STANDING A REAL PARTY<br>
IN INTEREST TO FILE A PROOF OF CLAIM UNDER<br>
FEDERAL RULES OF CIVIL PROCEDURE, RULE 17.

F.R.C.P., Rule 17 provides, in relevant part, that *"[a]n action must be prosecuted in the name of the real party in interest."* See Fed. R. Civ. P., 17(a)(1). The real party in interest under Rule 17 is the party with the right to enforce a claim under the applicable substantive law. See U-Haul Intern., Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986) ("[Rule 17] allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive

law grants a cause of action."); <u>Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.</u>, 485 F.2d 78, 83 (4th Cir. 1973) ("The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation. Whether a plaintiff is entitled to enforce the asserted right is determined according to the substantive law.").

According to bankruptcy courts, "[i]f a loan is securitized, the real party in interest is the trustee of the securitization trust" Id. at 766 (citing <u>LaSalle Bank N.A. v. Nomura Asset Capital Corp.</u>, 180 F. Supp. 2d 465, 469-71 (S.D.N.Y. 2001); <u>LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc.</u>, 237 F. Supp. 2d 618, 631-34 (D. Md. 2002)).

Here, debtor's Request for Judicial Notice of information available from MERS' website and Assignment of Deed of Trust to DBNTC as Trustee of the alleged securitization trust under Fed. R. Evid., §201 clearly indicated that OneWest has no interest in the promissory note as claimed in its POC.

Therefore, the POC submitted by OneWest as alleged creditor must be disallowed/expunged because OneWest is a not a real party in interest as required under F.R.C.P., Rule 17; thus has no standing to file such claim.

CONCLUSION

Based upon the foregoing, it is respectfully requested that Debtor's objection to POC filed by OneWest be sustained; and that Debtor's counsel be awarded fees and disbursement in this action.

Dated: Dec. 21, 2010

Respectfully Submitted

_____
NGUYEN H. NGUYEN, Attorney for Debtor, TU KIM NGUYEN

6
DEBTOR'S SUPPLEMENTAL OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB – Claim Number ONE

In re: TU KIM NGUYEN,
    Debtor.

Case No.: 8:10-bk-23006-RK
Chapter: 13

---

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15361 Brookhurst Street, Suite 205, Westminster, CA 92683.**

A true and correct copy of the foregoing document described as **DEBTOR'S SUPPLEMENTAL OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB – Claim Number ONE**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *December 21, 2010*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. TRUSTEE: ustpregionl6.sa.ecf@usdoj.gov
AMRANE COHEN, Chapter 13 Trustee: efile@ch13ac.com
ONEWEST BANK, FSB. – c/o Barrett Daffin Frappier Treder & Weiss, LLP.: cdcaec@bdfgroup.org
ONEWEST BANK, FSB. – c/o MALCOLM*CISNEROS – Attn.: STACY KIM, ESQ.: stacy@mclaw.org

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On *December 21, 2010*, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    HONORABLE ROBERT N. KWAN, BANKRUPCY JUDGE
    411 West Fourth Street
    Court Room 5D / Bin Outside of Room 5097
    Santa Ana, CA 92701

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 21, 2010 | NGUYEN H. NGUYEN | /s/ Nguyen H. Nguyen |
|---|---|---|
| Date | | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    F 9013-3.1.PROOF.SERVICE