BK-132
NGUYEN H. NGUYEN, Bar No. 213366
Law Offices of Nguyen H. Nguyen
15361 Brookhurst Street, Suite 205
Westminster, CA 92683
Telephone: (714) 775-4529
Fax: (714) 775-4527
E-Mail: nhn97@aol.com

Attorney for Debtor, TU KIM NGUYEN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TU KIM NGUYEN,<br><br>Debtor.<br>_____<br><br>TU KIM NGUYEN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>ONEWEST BANK, FSB.; All Entities claiming ownership of the Promissory Note that secured by the Deed of Trust; and DOES 1 – 50, Inclusive,<br><br>Defendant(s).<br>_____ | CHAPTER 13<br>Case No. 8:10-bk-23006-RK<br><br>**DEBTOR'S EX-PARTE APPLICATION TO CONSOLIDATE DEBTOR'S OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB. INTO ADVERSARY PROCEEDING PURSUANT TO F.R.B.P., RULES 7042(a) & 3007(b)**<br><br>ADVERSARY PROCEEDING<br>Adv. No. 8:10-ap-01588-RK |

1

DEBTOR'S EX-PARTE APPLICATION TO CONSOLIDATE DEBTOR'S OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB. INTO ADVERSARY PROCEEDING PURSUANT TO F.R.B.P., RULES 7042(a) & 3007(b)

COME NOW Tu Kim Nguyen, Debtor/Plaintiff in the above-referenced action hereby requests that this Court consolidate her Objection to OneWest's Proof of Claim, pending in the main bankruptcy case, into the above-captioned Adversary Proceeding pursuant to Federal Rules of Bankruptcy Procedure, Rules 7042(a) and 3007(b); and requests that the Court do so on an expedited basis, and for cause would show this Court as follows:

**FACTUAL BACKGROUND**

1. The factual background of this case is set forth in the Complaint filed in the Adversary Proceeding on December 9, 2010.

2. As noted in the Complaint, the Debtor filed an Objection to OneWest's Proof of Claim in her bankruptcy proceeding.

3. Debtor obtained evidence that OneWest's claim was false and fraudulent; and that OneWest was abusing the claims-process in Federal Bankruptcy Court. Therefore, Debtor filed this Adversary Proceeding seeking affirmative relief against OneWest, including injunctive and declaratory relief.

4. As set forth in the new bankruptcy rules, Debtor's actions in filing the Adversary Proceeding were appropriate, and the objection pending in the main bankruptcy proceeding should be consolidated into this Adversary Proceeding.

5. Debtor/Plaintiff requests that the Court consolidate these matters immediately to prevent further waste of resources and prejudice to Debtor/Plaintiff.

## ARGUMENT AND AUTHORITY

6. New F.R.B.P., Rule 3007 Objections to Claims states as follows:

"(b) **Demand for relief requiring an adversary proceeding.**

*A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.*"

7. This Rule is new. The Advisory Committee note to the 2007 amendment states a follows:

"*The rule is amended in a number of ways. First, the amendment prohibits a party in interest from including in a claim objection a request for relief that requires an adversary proceeding. A party in interest may, however, include an objection to the allowance of claim in an adversary proceeding.*

\* \* \*

*If a claim objection is files [sic] separately from a related adversary proceeding, the court may consolidate the objection with the adversary proceeding under Rule 7042.*"

8. Thus, under new F.R.B.P., Rule 3007(b), Debtor may not have brought, and cannot try, her affirmative claims against OneWest in the claim-objection proceeding in the main case, because the claims she asserts against OneWest require an adversary proceeding. See F.R.B.P., Rules 7001(1), (7) and (9). Debtor/Plaintiff has, therefore, properly brought this adversary

3

DEBTOR'S EX-PARTE APPLICATION TO CONSOLIDATE DEBTOR'S OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB. INTO ADVERSARY PROCEEDING PURSUANT TO F.R.B.P., RULES 7042(a) & 3007(b)

proceeding, and has properly included her objection to the claim as a count in the Adversary Proceeding, as set forth in F.R.B.P., Rule 3007(b).

9. Moreover, as the Advisory Committee notes to the 2007 amendment explain, if there is a separate claim objection pending, as there is in the case at hand here, that matter can be consolidated into the adversary proceeding pursuant to F.R.B.P., Rule 7042, which incorporates Fed. R. Civ. P. 42, as stated:

> *"(a)   Consolidation. If actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the action; or (3) issue any other orders to avoid unnecessary cost or delay."*

10. Debtor's objection to OneWest's Proof of Claim filed in the main bankruptcy proceeding involves the exact same questions of fact and law as the objection-to-claim count in Plaintiff's Adversary Proceeding. In addition, and as OneWest will admit, Debtor's affirmative claims against OneWest, which can only be brought in on an adversary proceeding, may invalidate the claim. The Court should consolidate the claim objection, which is currently pending in the main bankruptcy proceeding, into the Adversary Proceeding pursuant to F.R.B.P., Rule 7042. See, e.g., In re: Torralballa, 2008 Bankr. LEXIS 2098 *1-3 (Bankr. N.D. Ind. October 22, 2008) (court denied without prejudice debtor's objection to the validity of the lien of the lender that was brought forth in objection to claim, and gave debtor leave to file an appropriate adversary proceeding against the lender pursuant to Fed R.

4

DEBTOR'S EX-PARTE APPLICATION TO CONSOLIDATE DEBTOR'S OBJECTION TO PROOF OF CLAIM BY ONEWEST
BANK, FSB. INTO ADVERSARY PROCEEDING PURSUANT TO F.R.B.P., RULES 7042(a) & 3007(b)

Bankr. P. 7001(2). The court noted, "in addition, Fed. R. B.R. P. 3007(b) expressly provides that a party in interest shall not include a demand for relief of the kind specified in Rule 7001 in any objection as to the allowance of the claim.")

11. Debtor/Plaintiff requests that the Court grants this Ex-Parte Application because OneWest has stated its intent to go forward on the claim-objection proceeding that is set for January 13, 2011 in the main bankruptcy case, notwithstanding the filing of the Adversary Proceeding. Continuing with that hearing would be a waste of the parties' and the Court's resources; and it would prejudice Debtor/Plaintiff's claims in this case

12. Indeed, the point of this lawsuit is to invalidate OneWest's claim as creditor despite its failure to comply with the claims-processing system in bankruptcy proceedings, from the initial filing of false and undocumented claims to the abusive litigation practices designed to deter and prohibit debtors and the courts from reviewing such claims.

WHEREFORE, PREMISES CONSIDERED, Debtor/Plaintiff prays that the Court, pursuant to F.R.B.P., Rules 3007(b) and 7042, consolidates Objection to OneWest's Proof of Claim in the main bankruptcy proceeding, into the Adversary Proceeding.

Dated: Dec. 21, 2010

Respectfully Submitted

_____
NGUYEN H. NGUYEN, Attorney for
Debtor/Plaintiff, TU KIM NGUYEN

5

DEBTOR'S EX-PARTE APPLICATION TO CONSOLIDATE DEBTOR'S OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB. INTO ADVERSARY PROCEEDING PURSUANT TO F.R.B.P., RULES 7042(a) & 3007(b)

In re: TU KIM NGUYEN,
Debtor.

Case No.: 8:10-bk-23006-RK
Chapter: 13

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15361 Brookhurst Street, Suite 205, Westminster, CA 92683.**

A true and correct copy of the foregoing document described as **DEBTOR'S EX-PARTE APPLICATION TO CONSOLIDATE DEBTOR'S OBJECTION TO PROOF OF CLAIM BY ONEWEST BANK, FSB. INTO ADVERSARY PROCEEDING PURSUANT TO F.R.B.P., RULES 7042(a) & 3007(b)**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 21, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. TRUSTEE: ustpregionl6.sa.ecf@usdoj.gov
AMRANE COHEN, Chapter 13 Trustee: efile@ch13ac.com
ONEWEST BANK, FSB. – c/o Barrett Daffin Frappier Treder & Weiss, LLP.: cdcaec@bdfgroup.org
ONEWEST BANK, FSB. – c/o MALCOLM*CISNEROS – Attn.: STACY KIM, ESQ.: stacy@mclaw.org

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **December 21, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

HONORABLE ROBERT N. KWAN, BANKRUPCY JUDGE
411 West Fourth Street
Court Room 5D / Bin Outside of Room 5097
Santa Ana, CA 92701

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 21, 2010 | NGUYEN H. NGUYEN | /s/ Nguyen H. Nguyen |
|---|---|---|
| Date | | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                          F 9013-3.1.PROOF.SERVICE